## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

JIMMY GLENN HENDRIX,    )
                      )
            Petitioner,    )
                      )
v.                        )      **Case No. 10-CV-0600-CVE-TLW**
                      )
ANITA TRAMMELL,[1] Warden,    )
                      )
            Respondent.    )

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Jimmy Glenn Hendrix, a state prisoner appearing pro se. Respondent filed a response to the petition (Dkt. # 7), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 7, 8, 9). Petitioner filed a reply (Dkt. # 15), and a supplement to his reply (Dkt. # 16). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

### BACKGROUND

During the evening of March 11, 2008, Petitioner, along with Derek Long, Jeff Smith and his wife, Ashley Smith, went to the Brandywine Apartments to consummate a drug deal between Petitioner and Jerrod Young. As the group was leaving the apartment, Petitioner assaulted Young in the parking lot, and then shot him. Young died from wounds suffered from a single gunshot. The bullet entered Young's back, passed through his abdomen, and reentered his right thigh.

---

[1]    Anita Trammell is the current warden of Oklahoma State Penitentiary where Petitioner is in custody. Pursuant to Rule 2(a), Rules Governing Section 2254 Cases, and Rule 25(d)(1), Federal Rules of Civil Procedure, Anita Trammell is hereby substituted as the respondent in this case. The Court Clerk shall be directed to note such substitution on the record.

As a result of those events, Petitioner was charged with Murder in the First Degree (Count I) and Possession of a Firearm After Former Conviction of a Felony (Count II), both after prior conviction of two or more felonies, in Tulsa County District Court, Case No. CF-2008-1228. He was tried by a jury and found guilty as charged. On December 17, 2008, the trial judge sentenced Petitioner in accordance with they jury's recommendation, to life imprisonment (Count I), and to thirty (30) years imprisonment (Count II), to run consecutively. Attorney Kathy Fry represented Petitioner at trial.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). Represented on appeal by attorney Cary M. Pirrong, Petitioner raised six (6) propositions of error, as follows:

| | |
|---|---|
| Proposition I: | Evidence of flight was never contested by Mr. Hendrix rendering the flight instruction a violation of his fundamental presumption of innocence. |
| Proposition II: | There was insufficient evidence to support the malice aforethought element of First Degree Murder. |
| Proposition III: | Mr. Hendrix received ineffective assistance of trial counsel in violation of his constitutional right to counsel. |
| Proposition IV: | Mr. Hendrix received an excessive sentence on Count 2, Possession of a Firearm, AFCF, due to the misconduct of the prosecutor during closing argument on Count 1. |
| Proposition V: | The trial court committed reversible error in failing to instruct the jury on Mr. Hendrix's theory of defense. |
| Proposition VI: | The cumulative effect of all the errors addressed above deprived Mr. Hendrix of a fair trial. |

(Dkt. # 7, Ex. 1).  In an unpublished summary opinion filed February 19, 2010, in Case No. F-2008-1231, the OCCA rejected the claims raised on direct appeal and affirmed the Judgments and Sentences of the trial court.  (Dkt. # 7, Ex. 3).

On April 12, 2010, Petitioner filed an application for post-conviction relief in the state district court.[2] See Dkt. # 7, Ex. 4 at 1; Dkt. 7, Ex. 5 at 1-2. The district court denied post-conviction relief on May 19, 2010, finding that the issues were procedurally barred because they could have been, but were not, raised on direct appeal.  See Dkt. # 1-1 at 18. Petitioner appealed. See Dkt. # 7, Ex. 4. In its order affirming the denial of post-conviction appeal, the OCCA identified Petitioner's grounds for relief as follows:

> Ground 1:    Defense council [sic] failed to request a jury instruction on co-conspirator's testimony having to be corroborated.
>
> Ground 2:    The court should have issued a jury instruction on impeachment.
>
> Ground 3:    The trial judge failed to instruct the jury about accomplice testimony in relation to Jeff Smith.
>
> Ground 4:    The trial court failed to give a jury instruction on corroboration of accomplice in regard to testimony of Ashley Kauffman-Smith, trial counsel failed to object to this or request such an instruction, and trial counsel failed to bring out the full details of the crime and Ashley's part in it.
>
> Ground 5:    The State exercised "selective prosecution" in prosecuting Petitioner.
>
> Ground 6:    Trial council [sic] rendered ineffective assistance [by] severely damaging Mr. Hendrix['s] defense by failing to investigate and utilize available evidence and witnesses, and failing to obtain experts.

See Dkt. # 7, Ex. 5 at 1-2. The OCCA also noted that "Petitioner's post-conviction application further contended that his trial counsel rendered ineffective assistance in regards [sic] to each of the

---

[2]        Neither party provided a copy of Petitioner's application for post conviction relief.

3

foregoing grounds and that his appellate counsel was ineffective for not raising all of these grounds

on direct appeal." Id. at 2. By order filed August 13, 2010, in Case No. PC-2010-550, the OCCA

affirmed the denial of post-conviction relief. See id. at 5.

On September 21, 2010, Petitioner filed his federal habeas corpus petition (Dkt. # 1). He

identifies the following grounds of error:

Ground 1:    Violation of presumption of innocence; U.S. Const. Amend. 14. Evidence of flight was never contested by Petitioner. The trial court issued Okla. Uniform Jury Instruction CR 9-8, the prosecutor then argued vigorously that Petitioner's flight was a concession of guilt.

Ground 2:    U.S. Const. Amend. 14; Okla. Const. Art. II, §§ 7, 9. There was insufficient evidence to support the malice aforethought element of first degree murder.

Ground 3:    U.S. Const. Amends. 6 & 14. Trial counsel was ineffective by failing to properly utilize available evidence; by failing to elicit testimony from Derek Long, Jeff Smith and Ashley Kauffman-Smith regarding the effects of alcohol and drugs on Petitioner on 3-11-08; Petitioner was denied instruction on intoxication due to counsel's failure; counsel failed to test the State's case; Petitioner was denied lesser offenses; counsel failed to adequately investigate the case.

Ground 4:    U.S. Const. Amends. V, XIV; Okla. Const. Art. II, §§ 7, 19, U.S. Const. Amend. 6. Petitioner received an excessive sentence on Ct. 2 due to misconduct by the prosecutor during closing argument on Ct. 1, in relevant part, "Your [sic] not going to serve your entire sentence in prison," "you get a break," "I'm just telling you he gets a break on whatever time he serves," "that's the break they gave him." Defense counsel failed to object to these statements.

Ground 5:    U.S. Const. Amend. 5, 14; Okla. Const. Art. II, §§ 7, 20. The trial court committed reversible error in failing to instruct the jury on Petitioner's theory of defense, defense counsel requested that the jury be instructed on Petitioner's theory of self-defense, and evidence was presented relating to that theory by one of the State's own witnesses, Derek Long.

Ground 6:    U.S. Const. Amends. 6 & 14. Defense counsel was ineffective for not requesting a jury instruction on accomplice testimony and corroboration for Derek Long, and trial court erred in failing to give instruction on its own.

Ground 7:      U.S. Const. Amends. 6 & 14. The court erred in failing to instruct the jury on impeachment do [sic] to inconsistencies in Derek Long's statements and testimony. Defense counsel was ineffective for failing to request the jury instruction.

Ground 8:      U.S. Const. Amends. 6 & 14. Defense counsel and trial judge failed to request and instruct the jury on accomplice testimony and corroboration for the testimony of Jeff Smith.

Ground 9:      U.S. Const. Amends. 6 & 14. The trial court failed to give a jury instruction on corroboration of accomplice in regard to the testimony of Ashley Kauffman-Smith.

Ground 10:     U.S. Const. Amends. 6 & 14.  Trial counsel rendered ineffective assistance of council [sic] severly [sic] damaging Petitioner's defense by failing to investigate and utilize available evidence and witnesses, and failing to obtain experts in Petitioner's defense.

Ground 11:     U.S. Const. Amends. 6 & 14. The cumulative effect of all the errors addressed above deprived Mr. Hendrix of a fair trial.

(Dkt. # 1). In response, Respondent asserts that Petitioner's claims are procedurally barred, not cognizable in this habeas proceeding, or do not justify habeas relief under 28 U.S.C. § 2254(d).  See Dkt. # 7.

## *ANALYSIS*

### A.    **Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct and post-conviction appeal.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

To the extent Petitioner's claims are cognizable in this federal habeas corpus proceeding and not procedurally barred, his claims shall be reviewed pursuant to § 2254(d).  Insofar as Petitioner claims a violation of the Oklahoma Constitution, those claims are denied because they are not cognizable on federal habeas corpus review.  A federal habeas court has no authority to review a state court's interpretation or application of its own state laws.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions).  Instead, when conducting habeas review, a federal court is

limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. at 68 (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975)).

**1.      Improper flight instruction (ground 1)**

In his first ground for relief, Petitioner contends that the flight instruction given to the jury diminished the presumption of innocence afforded a defendant. He claims that his due process rights were violated by the court's instruction to the jury to consider flight as part of its deliberations. Under Oklahoma law, the flight instruction should not be given unless the defendant offers evidence explaining his acts and controverting the State's evidence of flight. See Mitchell v. State, 876 P.2d 682, 684 (Okla. Crim. App. 1993). Petitioner argues that, because he never contested the State's evidence of his departure, the flight instruction was improper. See Dkt. # 1 at 34.  On direct appeal, the OCCA agreed that the instruction should not have been given, finding as follows:

> We find in Proposition I that the flight instruction should not have been given. The flight instruction, which creates a presumption that a defendant committed the crime, should not be given unless the defendant denies or offers an explanation of his flight. The State presented evidence that Hendrix left the scene and city of the crime, was found some time later in Seminole, Oklahoma, and had changed his appearance. Using the flight instruction, the prosecutor argued vigorously in closing that Hendrix's flight showed his guilt. Despite the State's argument otherwise, Hendrix presented no evidence, by statement, testimony or cross-examination, to either deny or explain his flight. Defense counsel's cross-examination of the eyewitness was intended to show he drove away because he was sober; it offered no explanation for Hendrix's flight and certainly none for his later appearance in Seminole. Defense counsel objected to the instruction and preserved the issue for appeal.
>
> Under the circumstances of this case this error does not require relief. An eyewitness saw Hendrix shoot the victim in the back, and this testimony was supported by other witnesses. There is no question of identification and no evidence that the crime was an act of self-defense. Hendrix got the minimum sentence for murder.

(Dkt. # 7, Ex. 3 at 2-3) (internal citations omitted). Respondent contends that this issue deals with a matter of state law, and is not cognizable on federal habeas review unless Petitioner's trial was rendered fundamentally unfair by the alleged error. See Dkt. # 7. Petitioner replies that his trial was rendered fundamentally unfair due to the flight instruction. See Dkt. # 15 at 9-16.

It is well established that "[a]s a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.").

In this case, the OCCA found that the trial court erred, but that the instructional error was harmless. Having carefully reviewed the record, this Court agrees. The appropriate harmless error standard to be applied on habeas review is from Brecht v. Abrahamson, 507 U.S.619, 638 (1993). See Herrera v. Lemaster, 301 F.3d 1192, 1199 (10th Cir. 2002). That standard "requires reversal only if [the error] had substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 631 (quotation omitted).  "[E]rrors which do not contribute to the verdict should not be reversed unless their effect is fundamentally unfair." United States v. Turrietta, 696 F.3d 972, 984 (10th Cir. 2012) (citing Rose v. Clark, 478 U.S. 570, 579 (1986)). Thus, Petitioner's burden is to show that his trial was rendered fundamentally unfair by the trial court's decision to give a flight instruction for the jury to consider.  He has failed to satisfy that burden.

The evidence that Petitioner shot and killed the victim was uncontroverted. Derek Long testified that he saw Petitioner hit the victim, then shoot him. See Dkt. # 9-2, Tr. Trans. Vol. II at 414-15. The medical examiner testified that the victim died of a gunshot wound. Id. at 452. Therefore, the Court finds that the trial court's error in giving a flight instruction did not have a substantial and injurious effect on the jury's verdict. The OCCA's adjudication of this claim was not an unreasonable application of Supreme Court law, nor was it based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

Having failed to demonstrate that his trial was rendered fundamentally unfair by the trial court's error in giving a flight instruction, or that the OCCA's determination that the error was harmless was unreasonable, Petitioner is not entitled to habeas corpus relief on ground one.

### 2. Insufficient evidence (ground 2)

In ground two, Petitioner asserts that there was insufficient evidence to support the malice aforethought element of First Degree Murder. See Dkt. # 1 at 37. The OCCA denied relief, finding that, "taking the evidence in the light most favorable to the State, any rational trier of fact could find beyond a reasonable doubt that Hendrix shot the victim with malice aforethought." See Dkt. # 7, Ex. 3 at 3. In a footnote, the OCCA explained its reasoning as follows:

> An eyewitness saw Hendrix first hit the victim in the head, then shoot him in the back. Two other witnesses saw Hendrix standing over the victim with a gun immediately after the shot. Four witnesses heard a single gunshot, and there was no evidence that anyone else at the scene, including the victim, had a weapon. Malice may be formed in an instant. *Jones v. State*, 2006 OK CR 17, 134 P.3d 150, 154.

Id. at n.3. Respondent argues that habeas relief must be denied because the OCCA's decision is not an unreasonable application of federal law as determined by the Supreme Court law. See Dkt. # 7 at 20.

9

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).

The Court finds that the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational fact-finder to have found beyond a reasonable doubt that Petitioner was guilty of Murder in the First Degree. In applying the Jackson standard, the Court looks to Oklahoma law to determine the substantive elements of the relevant criminal offense. Jackson, 443 U.S. at 324 n.16. Under Oklahoma law, First Degree Murder is defined as unlawfully killing another person with malice aforethought. Okla. Stat. tit. 21, § 701.7. "Premeditated design sufficient to establish malice aforethought may be inferred from the fact of killing alone, unless the facts and circumstances raise a reasonable doubt as to whether such design existed." Hancock v. State, 155 P.3d 796, 812 (Okla. Crim. App. 2007). In Petitioner's case, the evidence was uncontroverted that Petitioner fired the gunshot resulting in Young's death. The facts and circumstances demonstrated by the evidence do not raise a reasonable doubt as to whether Petitioner intentionally shot and killed the victim.

The Court concludes that the evidence was sufficient to support Petitioner's conviction, and the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to, or an unreasonable application of, federal law, 28 U.S.C. § 2254(d)(1). Nor was it based on an unreasonable determination of the facts in light of the evidence presented at Petitioner's trial, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas corpus relief on this proposition of error.

### 3.      Ineffective assistance of trial counsel (ground 3)

In his third proposition of error, Petitioner contends that his trial counsel was constitutionally ineffective for failing to investigate and present evidence of Petitioner's use of alcohol, methamphetamine, and cocaine to support a defense of voluntary intoxication. Petitioner also claims that, due to his counsel's failures, the trial court denied his request for a second degree murder instruction based on his intoxication. Citing Strickland v. Washington, 466 U.S. 668 (1984), the OCCA rejected this claim on direct appeal, finding as follows:

> We find in Proposition III that counsel was not ineffective for failing to investigate or use evidence of Hendrix's substance abuse to support his claim of voluntary intoxication. Hendrix must show both that counsel's performance was deficient and that he was prejudiced by counsel's deficient performance. We review counsel's performance against an objective standard of reasonableness under prevailing professional norms, and we will not second-guess strategic decisions. If we find that Hendrix has not shown prejudice we need not reach the claim of deficient performance. We first find that, as counsel requested instructions on voluntary intoxication and second degree murder, counsel cannot be ineffective for failure to request those instructions, and the trial court's refusal of those instructions did not render counsel ineffective. We further find that counsel was not ineffective for failing to present evidence which did not meet the requirements necessary to justify an instruction on voluntary intoxication.

(Dkt. # 7, Ex. 3 at 3-4) (footnotes omitted). In a footnote, the OCCA provided more detail supporting its conclusion that counsel was not ineffective for failing to present evidence supporting a second degree murder instruction:

> All parties agreed that, without an instruction on voluntary intoxication, the evidence did not support an instruction on second degree murder. The trial court refused instructions on voluntary intoxication because, while there was some evidence that Hendrix had used drugs and alcohol before the shooting, there was no specific evidence of quantity and, more importantly, no evidence of the effect the substance abuse had on Hendrix. *Malone v. State*, 2007 OK CR 34, 168 P.3d 185, 196-97. While the affidavits offered to support Hendrix's motion for an evidentiary hearing are more specific in terms of their description of Hendrix's alcohol and drug use than the witnesses' trial testimony, none of them offer [sic] any evidence suggesting that his level of intoxication at the time of the shooting was so high he could not form the intent to commit malice murder. They simply do not describe the effect substance abuse had on Hendrix at the time of the crime. In addition, the affidavit of trial counsel shows that the decision not to call Amber Long was a strategic decision.

(Id. at 4, n.7).

To be entitled to habeas corpus relief on this claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense

12

after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs. This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential."   Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

Petitioner bears the burden of demonstrating that the OCCA unreasonably applied Strickland. He has failed to satisfy that burden. Under Oklahoma law, the defense of voluntary intoxication is defined as follows:

> A defense of voluntary intoxication requires that a defendant, first, be intoxicated and second, be so utterly intoxicated, that his mental powers are overcome, rendering it impossible for a defendant to form the specific criminal intent or special mental element of the crime.

Jackson v. State, 964 P.2d 875, 892 (Okla. Crim. App. 1998). As noted by Petitioner, substantial evidence was presented concerning Petitioner's use of alcohol, methamphetamine, and cocaine on the day of the murder, March 11, 2008 (Dkt. # 1 at 41). He argues that witnesses could have provided additional detail about the amount of alcohol and drugs consumed by him on that date (id.

at 44-45). However, as explained by the OCCA, Petitioner fails to state that the witnesses could have provided evidence that his level of intoxication at the time of the shooting was so high he could not form the intent to commit malice murder. See Dkt. # 7, Ex. 3 at n.7. The Court agrees with the OCCA that Petitioner has not demonstrated that his attorney's performance was deficient for failing to investigate further and present additional evidence in support of both a voluntary intoxication defense and a lesser-included second degree murder instruction.  In light of the evidence presented at trial, it was not an objectively unreasonable strategic decision by trial counsel to forego presenting additional witnesses, including Derek Long, Ashley Kauffman-Smith, and Petitioner's girlfriend, Amber Long.  Boyle v. McKune, 544 F.3d 1132, 1139 (10th Cir. 2008) ("[T]he decision of which witnesses to call is quintessentially a matter of strategy."); Boyd, 179 F.3d at 915 (describing decisions regarding impeaching witnesses and introducing evidence as matters of "trial strategy and tactics"); see also Strickland, 466 U.S. at 699.  Petitioner has not demonstrated that the OCCA's adjudication of this claim was an unreasonable application of Strickland.

### 4.    Prosecutorial misconduct resulting in an excessive sentence (ground 4)

In his fourth proposition of error, Petitioner complains that the prosecutor's misconduct during closing argument was unconstitutional, causing the jury to assess an excessive sentence on his Count II conviction for possession of a firearm. Petitioner asserts that the following statements made during the prosecutor's closing argument on Count I may have influenced the jury to recommend a longer sentence on Count II:

> Punishment in this case, life in prison, life in prison without the possibility of parole, and a fine of up to ten thousand dollars. You can fine him no dollars, you can fine him ten thousand dollars, whatever you want to do. It's up to you entirely. Life or life without parole, the only options available for first degree murder in this case. Not a surprise to anybody, you're not going to serve your entire sentence in prison. Here it is. You get a break. In this case, you have to serve 85 percent. For the purposes of

14

> parole, life is calculated at 45 years, which means you become eligible for parole at
> 38 years and three months. That's all the instruction says. It's Instruction 30. Read
> it for yourself. It's just telling you he gets a break on whatever time he serves. In this
> case, that's the break they give him.

(Dkt. # 9-2, Tr. Trans. Vol. II at 511). On direct appeal, the OCCA determined that Petitioner's

"thirty-year sentence for Count II is not excessive and was not imposed due to prosecutorial

misconduct." See Dkt. # 7, Ex. 3 at 4.  In a footnote, the OCCA cited Rea v. State, 34 P.3d 148, 149

(Okla. Crim. App. 2001), and further explained that:

> The prosecutors [sic] first-stage closing argument on Count I was an accurate
> statement of law; any ambiguity in the statement was cured by the defense attorney's
> closing argument. The record does not support any claim that this statement in any
> way affected the jury's recommendation of punishment regarding Count II.
> Although jurors recommended a long sentence, it was less than the life sentence
> requested by the prosecutor and within the range of punishment.

See id. at n.9.

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's

conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair.

Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Cummings v. Evans, 161 F.3d 610, 618

(10th Cir. 1998). "To view the prosecutor's statements in context, we look first at the strength of the

evidence against the defendant and decide whether the prosecutor's statements plausibly could have

tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994)

(quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

The Court agrees with the OCCA that Petitioner's ground four allegation of prosecutorial

misconduct, when viewed in the context of the entire trial, did not result in a fundamentally unfair

trial. Any confusion resulting from the prosecutor's statements was clarified by defense counsel

during her closing argument. See Dkt. # 9-2, Tr. Trans. Vol. II at 520-21.  Petitioner has not

demonstrated that the comments by the prosecutor so infected his trial with unfairness as to deny him due process. Neill v. Gibson, 278 F.3d 1044, 1061 (10th Cir. 2001) (citing Darden w. Wainwright, 477 U.S. 168, 181 (1986)). He has failed to convince the Court that the OCCA's decision was an unreasonable application of Supreme Court law. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas corpus relief on this portion of his ground four claim.

Furthermore, the thirty-year sentence imposed on Count II is not constitutionally excessive. A habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Federal habeas review generally ends "once we determine the sentence is within the limitation set by statute." Id.   In this case, because Petitioner had been previously convicted of two or more felonies, he faced a sentencing range of twenty (20) years to life in prison. See Okla. Stat. tit. 21, § 51.1(B). Thus, the thirty-year sentence imposed on Count II  was within the limitations of Oklahoma law. There is no basis for habeas relief.

### 5.     Failure to instruct on self-defense (ground 5)

In his fifth ground for relief, Petitioner contends that the trial court committed reversible error for failing to instruct the jury on his theory of self-defense. Respondent responds that this issue involves a matter of state law and is not cognizable on habeas review. Rejecting the claim on direct appeal, the OCCA found that because no evidence supported a self-defense claim and Petitioner "never met his burden to raise the affirmative defense of self-defense," the trial court did not err in refusing Petitioner's self-defense instruction. See Dkt. # 7, Ex. 3 at 4-5.

16

Because challenges to jury instructions are matters of state law, Petitioner must demonstrate that the failure of the trial court to give a self-defense instruction to the jury rendered his trial fundamentally unfair. Henderson v. Kibbe, 431 U.S. 145, 154, 97 (1977); see also Nguyen, 131 F.3d at 1357. As stated by the OCCA, the jury was not presented with any evidence that Petitioner acted in self-defense when he shot and killed Jerrod Young. His trial was not rendered fundamentally unfair by the trial court's refusal to instruct the jury on self-defense. Petitioner is not entitled to habeas corpus relief on this claim.

### 6.      Cumulative error (ground 11)

In ground eleven, Petitioner argues that the combined effect of the errors deprived him of a fair trial. See Dkt. # 1 at 71. On direct appeal, the OCCA concluded that, because it had only found one error, in ground one, "no cumulative error requires relief." Dkt. # 7, Ex. 3 at 5 and n.11.

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (quotation omitted). Cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing Rivera, 900 F.2d at 1471). In this case, the Court did not find two or more actual errors. As a result, there is no basis for a cumulative error analysis. Therefore, Petitioner has failed to demonstrate that the OCCA's rejection of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

17

**C.      Ineffective assistance of appellate counsel**

Scattered throughout grounds six through ten are general allegations that appellate counsel was ineffective for failing to raise those claims on direct appeal.  In its post-conviction appeal order, the OCCA considered and rejected Petitioner's claim of ineffective assistance of appellate counsel for failing to raise his other post-conviction claims on direct appeal. The OCCA found as follows:

> Although Petitioner has not presented his appellate counsel's brief as proof that his appellate counsel omitted or inadequately raised the issues now raised on post-conviction, even if this Court were to assume such omissions, counsel's failure to have adequately raised those issues does not alone prove ineffective assistance. As we have held many times, failure of appellate counsel to raise even a meritorious claim does not, in itself, constitute deficient performance. The fact the original appellate counsel did not raise every issue now raised by post-conviction counsel is not evidence of ineffectiveness.

See Dkt. # 7, Ex. 5 at 4 (internal quotations and ellipsis omitted).

The OCCA's statement that appellate counsel is not required to "raise even a meritorious claim" deviates from the controlling federal standard. Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (explaining that (1) the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, (2) omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance, and, thus, (3) the state court's rejection of an appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal constitutional law). See also Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005) (following Cargle). Because the OCCA's analysis of Petitioner's allegation of ineffective assistance of appellate counsel deviated from the controlling federal standard, it is not entitled to deference on habeas review. Cargle, 317 F.3d at 1205; see also Malicoat, 426 F.3d at 1248.  Therefore, the Court will analyze de novo Petitioner's claims of ineffective assistance of appellate counsel.

When assessing claims of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for general claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995), abrogated on other grounds by Neill v. Gibson, 278 F.3d 1044 (10th Cir. 2001). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." Cargle, 317 F.3d at 1202 (citation and footnote omitted); see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93).

### 1.   Failure to instruct or request an instruction on accomplice testimony (grounds 6, 8, and 9)

In grounds six, eight, and nine, Petitioner claims his constitutional rights were violated when he was denied protection under Oklahoma law from being convicted on the uncorroborated testimony of his alleged accomplices, Derek Long, Jeff Smith, and Ashley Smith. Respondent contends that no evidence suggested that any of these three witnesses was an accomplice to the murder of Jerrod Young. See Dkt. # 7 at 40. Further, Respondent states that there is no federal constitutional requirement that accomplice testimony be corroborated. Id. at 41 (citing Foster v.

Ward, 182 F.3d 1177, 1193 (10th Cir. 1999)). Nor are accomplice instructions constitutionally mandated. Foster, 182 F.3d at 1193.

First, Petitioner has failed to convince the Court that Derek Long, Jeff Smith, and Ashley Smith were accomplices to the murder of Jerrod Young. Next, he has not demonstrated that his trial was rendered fundamentally unfair by the omission of accomplice instructions. Maes, 46 F.3d at 985. For those reasons, the trial judge's failure to give accomplice instructions did not violate Petitioner's constitutional rights. Furthermore, defense counsel did not perform deficiently under Strickland in failing to request accomplice instructions, and his appellate counsel was not ineffective for failing to raise these issues. Cargle, 317 F.3d at 1202.

### 2.    Impeachment of Derek Long (ground 7)

In ground seven, Petitioner contends that the trial court erred in failing to issue an impeachment instruction based on inconsistent statements made by Derek Long. He also claims that his trial counsel was ineffective for failing to impeach witness Derek Long and for failing to request an impeachment instruction concerning Long's testimony. Long testified at Petitioner's trial that he saw Petitioner shoot Jerrod Young. See Tr. Trans. Vol. II at 415. Petitioner claims that Long gave prior inconsistent statements at Petitioner's preliminary hearing. Respondent responds that Long's testimony at trial was not inconsistent with his preliminary hearing testimony, so impeachment for that reason was not necessary. See Dkt. # 7 at 51.

At Petitioner's preliminary hearing, Long initially responded, "[n]o" when asked if he saw Petitioner shoot Jerrod Young, but he admitted that he saw Petitioner with a gun and a gunshot came from Petitioner's direction. See Dkt. # 9, Prelim. Hr'g Trans. at 12. When reminded that he had told the detective earlier that he saw Petitioner shoot Young, Long admitted that it was true -- he saw

Petitioner shoot Young in the back. Id. at 13. At trial, Long testified that he saw Petitioner shoot Young. See Dkt. # 9-2, Tr. Trans. Vol. II at 415. The Court finds that Long's testimony, at preliminary hearing and at trial, was not inconsistent. Therefore, the trial judge did not err in failing to instruct on Long's inconsistent statements and trial counsel's performance was not constitutionally deficient for failing to impeach Long based on the alleged inconsistencies. Nor was trial counsel ineffective for failing to request an impeachment instruction on this point. Because the trial judge did not err and trial counsel was not ineffective, appellate counsel was not ineffective for failing to raise the issues on direct appeal. Cargle, 317 F.3d at 1202.

### 3.      Ineffective assistance of trial counsel (ground 10)

Petitioner claims in ground ten that his trial counsel's performance at trial and before trial was "so deficient that it directly contributed to [his] conviction." See Dkt. # 1 at 66. He first complains that because the attorney was blind, her ability to provide effective representation was hampered. A review of the record, however, reveals that trial counsel was clearly prepared, interrogated witnesses competently, including cross-examination, and objected at appropriate times. Petitioner has not demonstrated that his counsel's vision problems resulted in ineffective representation.

Next, Petitioner complains that counsel failed to investigate and present evidence to support his voluntary intoxication defense. This claim was addressed in the discussion of ground three above. Further, Petitioner's complaint that his attorney failed to obtain the services of an expert to testify about the effects of drug and alcohol consumption on Petitioner's mental capacity is also without merit. It is pure speculation on Petitioner's part to assume that such an expert would provide beneficial testimony sufficient to sway the jury to find Petitioner not guilty of First Degree Murder.

He has not demonstrated deficient performance by his attorney for failing to obtain the services of an expert on this issue.  See Byrd v. Workman, 645 F.3d 1159, 1168 (10th Cir. 2011).

Petitioner also contends that his attorney should have obtained an independent ballistics expert, but fails to explain what beneficial testimony might have resulted if a ballistics expert had been hired. Mere speculation or supposition that a ballistics expert may have helped is insufficient to demonstrate ineffective representation by counsel.  Id.

The Court finds that Petitioner has failed to produce any specific, admissible evidence in support of his claims of ineffective assistance of counsel. Instead, he has relied on speculation, opinion, conjecture, and conclusory assertions. Having failed to demonstrate that trial counsel's performance was deficient, or that any of the alleged deficiencies was prejudicial, Petitioner's appellate counsel cannot be found ineffective for failing to raise these claims of ineffective assistance of trial counsel on direct appeal. Cargle, 317 F.3d at 1202.

In summary, after a careful review of the record in light of Petitioner's allegations of ineffective assistance of appellate counsel, the Court finds no basis for granting relief. Petitioner has failed to demonstrate, even if appellate counsel performed deficiently in failing to raise the identified claims on direct appeal, a reasonable probability that the result of his appeal would have been different. See Strickland, 466 U.S. at 694. Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of appellate counsel.

D.      **Procedural Bar (grounds 6-10)**

Grounds six through ten were raised for the first time in Petitioner's post-conviction proceedings. The OCCA imposed a procedural bar on the claims based on Petitioner's failure to raise the claims on direct appeal. Petitioner argues in ground six that his trial counsel was ineffective

for failing to request a jury instruction on accomplice testimony, relating to the testimony of Derek Long. He also claims that the trial court erred in failing to give the instruction "on its own," and appellate counsel was ineffective for failing to raise the issue on direct appeal. See Dkt. # 1 at 16. In ground seven he claims that the trial court erred in failing to instruct the jury on impeachment due to inconsistences in Derek Long's statements and testimony, and that defense counsel was ineffective for failing to request a jury instruction on impeachment. Id. at 17. Next, in ground eight, Petitioner asserts that the trial court erred in failing to instruct the jury on accomplice testimony, relating to the testimony of Jeff Smith. Further, his trial counsel was ineffective for failing to request an instruction on accomplice testimony, relating to the testimony of Jeff Smith. Id. at 19. In ground nine, he argues that the trial court failed to give a jury instruction on accomplice testimony, relating to the testimony of Ashley Kaufman, and that trial counsel was ineffective for failing to "bring out the full details of the crime and Ashley's part in it." Id. at 22. Finally, in ground ten, Petitioner makes several generalized complaints about the ineffectiveness of his trial counsel, stating that she was oblivious to the facts of his case, she was unprepared, abandoned attempts to speak with witnesses, failed to investigate and utilize available evidence and witnesses, and failed to obtain experts in Petitioner's defense. Id. at 24-25.

    With the exception of Petitioner's ineffective assistance of appellate counsel claims interspersed throughout his application for post-conviction relief, the district court found that these claims were procedurally barred. See Dkt. # 1-1 at 18-32. The OCCA agreed, finding that all issues not raised on direct appeal, which could have been raised, were waived. See Dkt. # 7, Ex. 5 at 2.

    The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on

independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'"  Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)). The Tenth Circuit has recognized that, "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" barring federal habeas corpus review. Sherrill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999).

Applying the principles of procedural bar to this case, the Court concludes that, insofar as Petitioner alleges trial court error and ineffective assistance of counsel in grounds six through ten, those grounds for relief are procedurally barred. The OCCA's procedural bar, based on Petitioner's failure to raise these grounds on direct appeal was "independent" because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985.  Additionally, as to Petitioner's claims based on trial court error, the procedural bar was based on  "adequate" state grounds sufficient to preclude federal habeas corpus review. See Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993) The OCCA routinely bars claims that could have been, but were not, raised on appeal.

24

As to Petitioner's claims of ineffective assistance of counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). The Tenth Circuit explicitly narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally in English v. Cody, 146 F.3d 1257 (10th Cir. 1998). In English, the circuit court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

After reviewing the record in the instant case in light of the factors identified in English, the Court concludes that the procedural bar imposed by the state courts on the ineffective assistance of trial counsel claims was based on adequate grounds to preclude federal habeas review. Petitioner was represented at trial by attorney Kathy Fry. On appeal, Petitioner was represented by Cary Pirrong. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel at trial and on appeal. The second English factor requires that the claims could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64.

Even if Petitioner's ineffective assistance of trial counsel claims raised in grounds six through ten could not all be resolved on the trial record alone, Petitioner has not alleged that the Oklahoma remand procedure, as provided by Rule 3.11 of the Oklahoma Court of Criminal Appeals, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure).  Although Respondent alleged an independent and adequate procedural bar, Petitioner has not put the adequacy of Oklahoma's remand procedure at issue.  As a result, Petitioner cannot demonstrate that Oklahoma's procedural bar is inadequate and his claims of ineffective assistance of trial counsel contained in grounds six through ten are procedurally barred.

This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered.  See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997).  The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id.  As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains."  United States v. Frady, 456 U.S. 152, 168 (1982).  A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of  the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner argues ineffective assistance of appellate counsel as "cause" for his failure to raise grounds six through ten. See Dkt. # 1 at 16-28. It is well established that, in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986). However, the assistance provided by appellate counsel must rise to the level of a constitutional violation under the two-pronged standard established in Strickland. The Court has addressed Petitioner's ineffective assistance of appellate counsel claims, above, and found the claims to be without merit. As a result, Petitioner's ineffective assistance of appellate counsel claims cannot serve as "cause" to overcome the procedural bar applicable to the claims raised in grounds six through ten. Accordingly, those claims are procedurally barred from consideration by the Court unless the "fundamental miscarriage of justice" exception is applicable.

The "fundamental miscarriage of justice" exception to a procedural bar applies "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. at 495-96 (1986). Petitioner has not set forth a fundamental miscarriage of justice argument to excuse his procedural default. Therefore, the Court concludes that Petitioner does not fall within the narrow "fundamental miscarriage of justice" exception.

Having failed to demonstrate cause and prejudice or that a fundamental miscarriage of justice will result if this Court does not consider his claims, the Court finds that grounds six through ten are procedurally barred. Habeas corpus relief requested in those grounds shall be denied on that basis.

**E.      Certificate of appealability**

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. <u>See</u> <u>Dockins v. Hines</u>, 374 F.3d 935 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

28

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      The Clerk of Court shall **substitute** Anita Trammell, Warden, in place of Randy Workman, Warden, as party respondent.

2.      The petition for a writ of habeas corpus (Dkt. #1) is **denied**.

3.      A separate judgment shall be entered in this matter.

4.      A certificate of appealability is **denied**.

**DATED** this 11th day of July, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE